## IN THE MATTER OF J. DUNHAM McALLISTER.
(SUPREME COURT DISCIPLINARY NOS. 728, 729, 731, 732, 733, 742, 743, 744)
(407 SE2d 404)

PER CURIAM.

These disciplinaries stem from a default judgment entered against the respondent, J. Dunham McAllister, by the special master. The Review Panel of the State Disciplinary Board refused to open default. The Review Panel reserved its ruling on final discipline pending an investigation by the Committee on Lawyer Impairment (the Committee), and recommended to this Court that McAllister be suspended from the practice of law until the Committee completed its report on McAllister. McAllister sought to have us open the default.

On November 7, 1990, this Court declined to open default. Moreover, the Court suspended McAllister from the practice of law until such time as the Committee "submits its report to the Review Panel, the Review Panel enters its recommendation on final discipline, and we enter our ruling thereon."

Subsequently, the Committee reviewed the record in the case, and recommended that McAllister submit to a 72-hour patient evaluation, so that more complete psychological data could be obtained. McAllister voluntarily complied, and, based upon the report of the psychiatrist, as well as other parts of the record, the Committee made its report to the Review Panel. The Committee recommended that McAllister be permitted to resume the practice of law, but recommended that he receive continued psychotherapy, and that the Committee review quarterly reports from his therapist.

Thereafter, McAllister hired a licensed psychologist to treat him. The psychologist has stated his willingness to cooperate with and report to disciplinary authorities.

The Review Panel has now concluded that McAllister

has taken positive action to eliminate the circumstances that gave rise to these disciplinary proceedings. . . . [and] that given appropriate safeguards, Mr. McAllister should be able to competently resume the practice of law without constituting a threat of harm to the public.

The Review Panel, nevertheless, recommends to this Court that McAllister, for his disciplinary violations, be suspended from the practice of law for one year, effective February 15, 1991. The Review Panel further recommends that McAllister continue psychotherapy; that the psychiatrist or psychologist should render reports to the Committee as he or she may deem necessary; and that the psychotherapy should continue until such time as the psychiatrist or psychologist then counseling McAllister communicates to the Committee that the need for further treatment has ended. The Review Panel further recommends that McAllister not be reinstated until he

1) reimburses the client security fund for any amount the fund pays to Respondent's clients;
2) returns files to all clients or can show that he no longer has possession of the files; and
3) reimburses all unearned fees to any complaintant [sic] in any disciplinary case pending at the time of the final order in this matter that has not been reimbursed by the client security fund or can show by competent evidence that he has done sufficient legal work to earn the full fee that was paid to him.

We hereby adopt the recommendation of the Review Panel that McAllister be suspended from the practice of law, effective February 15, 1991, for one year. Moreover, we order that, on a quarterly basis, McAllister obtain a report from the psychiatrist or psychologist treating him and file the report with the Committee, and that the psychotherapy continue until such time as the psychologist or psychiatrist then treating McAllister communicates to the Committee that the need for treatment has ended. Further, we order that McAllister comply with the conditions precedent to reinstatement set forth by the Review Panel.

*Suspended for one year. All the Justices concur.*

DECIDED SEPTEMBER 5, 1991.

*William P. Smith III, General Counsel State Bar, Viola S Drew, Assistant General Counsel State Bar,* for State Bar of Georgia.
*James E. Spence, Jr.,* for McAllister.