S94Y0814. IN THE MATTER OF J. DUNHAM McALLISTER.
(452 SE2d 502)

PER CURIAM.

This Court previously suspended J. Dunham McAllister for one year and conditioned his resumption of the practice of law upon his compliance with certain conditions precedent. *In the Matter of J. Dunham McAllister,* 261 Ga. 517 (407 SE2d 404) (1991). Upon the running of the one-year suspension, we allowed McAllister to resume the practice of law, but ordered that he

continue his psychotherapy until his psychologist or psychiatrist certifies to the Committee [on] Lawyer Impairment (the Committee) that treatment is no longer necessary and the Committee approves that certification.

*In the Matter of J. Dunham McAllister,* 263 Ga. 346 (435 SE2d 37) (1993). We further ordered that

[a]t a minimum, the psychotherapy shall continue for six months. During the period of therapy, McAllister shall obtain, on a quarterly basis, a report from the psychologist or

psychiatrist treating him and file that report with the Committee.

Id. at 347.

The State Bar of Georgia filed a motion for contempt, asserting that McAllister failed to file any reports with the Committee and seeking indefinite suspension. The State Bar then consented to a dismissal of its motion with prejudice provided our previous opinion be amended to require McAllister to be personally responsible for obtaining and filing the quarterly reports from his psychologist or psychiatrist. The special master recommends that this Court amend its opinion accordingly.

Upon consideration of the record in this case, this Court hereby orders that J. Dunham McAllister may resume the practice of law for so long as he provides quarterly reports from his psychologist or psychiatrist to the Committee on Lawyer Impairment. He shall be personally responsible for obtaining the reports from his psychologist or psychiatrist and shall be personally responsible for causing their delivery to the State Bar of Georgia headquarters in a sealed envelope addressed to the Committee on Lawyer Impairment c/o Debra Elzea, or to such person as may be designated in writing by the Committee.

McAllister shall cause the reports to be delivered to the Committee on Lawyer Impairment on or before March 31, June 30, September 30 and December 31 of each year until the reports are no longer required. If any of these dates should fall on a Saturday, Sunday, or legal holiday, McAllister shall be responsible for delivering the reports on the first business day following such dates. Each report shall contain the dates on which McAllister was seen by or otherwise received consultation or treatment from the psychologist or psychiatrist. A report containing a certification that McAllister is no longer in need of treatment must comprehensively explain that conclusion.

If the Committee receives a comprehensive report containing a certification that McAllister is no longer in need of treatment, and the Committee approves that certification, the Committee shall forward the report to this Court and McAllister's reinstatement will be ordered without condition. If the Committee informs this Court that McAllister has failed to follow this Court's directives, this Court will order that McAllister be suspended from the practice of law indefinitely.

*Resumption of practice of law with direction. All the Justices concur.*

DECIDED JANUARY 30, 1995.

*William P. Smith III, General Counsel State Bar, Jenny K. Mit-*

*tleman, Senior Assistant General Counsel State Bar,* for State Bar of Georgia.