S95Y0769. IN THE MATTER OF J. DUNHAM McALLISTER.
(456 SE2d 576)

PER CURIAM.

Between 1986 and 1991, 20 grievances were filed against Respondent alleging separate instances of misconduct during 1986 to 1989. Default judgments were entered in eight of those cases due to Respondent's failure to respond to the notices of discipline. The eight cases were consolidated for disposition in this Court, resulting in Respondent's suspension from the practice of law for one year with certain conditions specified for reinstatement. *In the Matter of McAllister,* 261 Ga. 517 (407 SE2d 404) (1991). Upon culmination of the one-year suspension and satisfaction of the conditions precedent to reinstatement, this Court reinstated Respondent to the practice of law conditioned upon continuing psychotherapy and reporting of such to the Committee on Lawyer Impairment. *In the Matter of McAllister,* 263 Ga. 346 (435 SE2d 37) (1993).[1]

During the period between Respondent's suspension and reinstatement, the 12 remaining grievances were considered by a special master, whose report was subsequently filed with the review panel. The review panel then filed its report with this Court; those cases form the basis for this opinion.

The special master made individual findings of fact and conclusions of law in each of the cases, and determined that one recommendation arising from "the unusually large number of complaints by separate complainants against the Respondent . . . seem[ed] appropriate." The special master determined that in two of the twelve cases Respondent had engaged in conduct in violation of not only Standard 44 of Bar Rule 4-102 (wilful abandonment or disregard of a legal mat-

---

[1] This opinion was subsequently amended to clarify the continuing reporting obligations attendant to Respondent's reinstatement. *In the Matter of McAllister,* 264 Ga. 850 (452 SE2d 502) (1995).

ter entrusted to him), but also Standard 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); in four other cases, Respondent engaged in conduct in violation of Standard 44. Recognizing that violations of Standards 4 and 44 are punishable by disbarment, and that a third or subsequent disciplinary infraction of the Rules constitutes discretionary grounds for suspension or disbarment under Bar Rule 4-103, the special master concluded that Respondent's "multiple violations of Standards 4, 44 and 68[2] over a period of three years, involving multiple clients, demands a recommendation of disbarment."

The review panel accepted the special master's findings of fact and conclusions of law in the 12 cases and after reviewing the record, found, "as did the special master, that Respondent's testimony during the disciplinary hearings was neither believable nor credible." It also considered Respondent's "Petition for Voluntary Discipline" and agreed with the special master that given the serious nature of the currently pending complaints Respondent's petition should be rejected. The review panel adopted the "special master's conclusion that any sanction short of disbarment would be insufficient to accomplish the purposes of these disciplinary proceedings."

We have reviewed the record, and we agree with the special master and the review panel that "Respondent's misconduct is aggravated by his multiple violations as defined by Bar Rule 4-103." We accept the recommendations of the special master and the review panel that Respondent be disbarred from the practice of law in Georgia.

We hereby order that J. Dunham McAllister be disbarred from the practice of law in this State and his name be stricken from the roll of those licensed to practice law in the State of Georgia. We further order Respondent to protect the interests of his clients and comply with Bar Rule 4-219.

*Disbarred. All the Justices concur.*

Decided May 8, 1995 —
Reconsideration denied May 26, 1995.

*William P. Smith III, General Counsel State Bar, Viola S. Drew, Assistant General Counsel State Bar,* for State Bar of Georgia.

*James E. Spence, Jr.,* for McAllister.

---

[2] Standard 68 requires a lawyer "to respond in accordance with the State Disciplinary Board Rules to disciplinary authorities . . . . A violation of this Standard may be punished by a public reprimand."