S98Y1198. IN THE MATTER OF CHARLES ANNA BENNETT.
(501 SE2d 217)

PER CURIAM.

This disciplinary matter is before the Court on the special master's recommendation that Respondent Charles Anna Bennett be disbarred for violations of the following disciplinary standards of Bar Rule 4-102: Standard 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 5 (a) (lawyer shall not make any false, fraudulent, deceptive, or misleading communication about the lawyer or the lawyer's services); 31 (d) (1) (contingent fee agreement shall be in writing); 31 (d) (2) (upon conclusion of contingent fee matter, lawyer shall provide client with written statement, including information regarding outcome of the matter and, if there is a recovery, remittance to client, method of its

determination, and amount of attorney fee); 45 (f) (lawyer shall not institute, cause to be instituted or settle a legal proceeding or claim without obtaining proper authorization from his client); 61 (lawyer shall promptly notify a client of the receipt of his funds, securities or other properties and shall promptly deliver same to the client); 63 (lawyer shall maintain complete records of all funds, securities, and other properties of a client in lawyer's possession and promptly render appropriate accounts to client regarding them); 65 (A) (lawyer shall not commingle client's funds with his own nor fail to account for trust property); 65 (D) (lawyer shall keep and maintain records of trust accounts so as to reflect at all times the exact balance held for each client and shall not withdraw funds from such accounts for the personal use of the lawyer except earned attorney's fees debited against the account of a specific client and recorded as such); and 68 (lawyer shall not fail to respond to disciplinary authorities during investigation of complaint).

The State Bar filed a Formal Complaint against Bennett which was served on her on November 20, 1997. Bennett failed to file an answer and the State Bar filed a Motion for Default pursuant to Bar Rule 4-212 (a). This motion was granted by the special master on February 23, 1998. Accordingly, the facts alleged and violations charged in the Formal Complaint are deemed admitted. Id.

In the spring of 1996, Bennett undertook to represent the complainant in a personal injury matter even though the complainant did not hire her, did not sign the retainer agreement Bennett presented to him, and refused to retain her as his attorney. No written contingency fee agreement was signed either, although Bennett purported to represent the complainant on a contingency fee basis. Despite the fact that she had not been retained, Bennett falsely represented to an insurance company that she represented the complainant regarding the personal injury claim and settled the claim with the insurance company without the individual's knowledge or authority. When Bennett received the settlement check intended for the individual, she forged his signature to the check. Bennett did not promptly notify the individual of the receipt of the funds, promptly disburse the funds to the individual, or promptly render an appropriate accounting of the funds. Instead, Bennett deposited the funds into her trust account, withdrew them for her personal use and commingled them with her own funds. Bennett also failed to provide the individual she claimed to represent a written statement of the outcome of the case and the allocation of the recovery from the insurance company. Finally, Bennett did not timely answer a Notice of Investigation regarding the grievance filed by the individual.

We agree with the special master that Bennett violated Standards 4, and 5 (a), of Bar Rule 4-102, for each of which disbarment is

an appropriate sanction. By failing to timely respond to disciplinary authorities during the investigation of the complaint, Bennett also violated Standard 68. The merits of the allegations that she violated Standards 31 (d) (1), 31 (d) (2), 45 (f), 61, 63, 65 (A), and 65 (D) are not reached by this opinion because it is clear from the facts that an attorney-client relationship did not exist between Bennett and complainant.[1] We note that Bennett has previously been suspended by this Court from the practice of law in Georgia for two prior disciplinary offenses (S97Y1161 and S98Y0583). This is Bennett's third disciplinary infraction, subjecting her to the recidivist provision of Bar Rule 4-103. We, therefore, adopt the recommendation of the special master that Bennett be disbarred from the practice of law.

Accordingly, Bennett is hereby disbarred from the practice of law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c) to timely notify all clients of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of such rule.

*Disbarred. All the Justices concur.*

DECIDED JUNE 15, 1998.

*William P. Smith III, General Counsel State Bar, Jonathan Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[1] Standards 31 (d) (1), 31 (d) (2), 45 (f), 61, 65 (A), and 65 (D) are dependent on the existence of an attorney-client relationship existing between respondent and complainant. See *In the Matter of Harrison,* 255 Ga. 77 (335 SE2d 564) (1985).