S99Y0032, S00Y0258. IN THE MATTER OF E. HERMAN WARNOCK (two cases).

(525 SE2d 81)

PER CURIAM.

These two disciplinary cases follow prior discipline imposed on E. Herman Warnock in 1987, 1989, January 1998, and December 1998, as well as an interim suspension in January and February 1998. Because of Warnock's repeated disciplinary infractions and his pattern of refusing to respond to disciplinary authorities, we find that this is an appropriate case to apply Bar Rule 4-103 and impose a six-month suspension.

---

In S99Y0032, a client filed a grievance alleging that Warnock received money from him while suspended and then refused to return the money. The State Bar issued a notice of investigation to which Warnock failed to respond. The Bar then filed a notice of discipline seeking a public reprimand, finding that it had probable cause to believe Warnock violated Standard 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d) based on his failure to respond to the notice of investigation. The Bar sought a public reprimand, and Warnock never filed a rejection under Rule 4-208.1. Under Rule 4-208.1 (b), when an attorney fails to reject a notice of discipline, "the respondent shall be subject to such discipline and further proceedings as may be determined by the Supreme Court."

In S00Y0258, a client filed a grievance in December 1996 alleging that Warnock had agreed to represent him along with two other joint owners of real property destroyed by a fire in August 1994. After the insurance company refused to pay for the loss, Warnock filed a proof of loss statement with the company in October 1994 on behalf of his clients but subsequently failed to communicate with the clients in person, by phone, or by letter in spite of their repeated attempts to talk to Warnock. Warnock finally filed a suit on behalf of the clients on October 14, 1997, after the filing of the grievance. On May 16, 1997, Warnock acknowledged service of a Notice of Investigation regarding the client's grievance but failed to file a timely answer and consequently, on January 2, 1998, this Court suspended Warnock from the practice of law pursuant to Bar Rule 4-204.3 (d). Warnock filed his answer on January 7, 1998, and, on February 27, 1998, this Court lifted the interim suspension. In July 1998, the State Bar filed a Formal Complaint against Warnock alleging violations of Standards 44 (wilful abandonment or wilful disregard of a legal matter entrusted to him without just cause and to the detriment of his client) and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d) and recommended that Warnock be suspended or disbarred under Bar Rule 4-103, which allows for suspension or disbarment upon a finding of a third or subsequent disciplinary infraction. Warnock filed an answer to the Formal Complaint in September 1998, and the State Bar subsequently dismissed count one of the complaint, which alleged a violation of Standard 44.

At the evidentiary hearing, Warnock claimed that he and his secretary/fiancé spoke with an Investigative Panel member on the telephone on July 17 and 16, 1997, respectively, and were given an indefinite extension for filing an answer. The Investigative Panel member, however, stated that she would not have communicated with the secretary regarding a grievance that was still at the confidential stage and did not give Warnock an indefinite extension. Warnock conceded that he abused whatever extension was granted by neglecting to file

an answer until seven months after acknowledging service of the Notice of Investigation.

After the evidentiary hearing, the special master found that Warnock violated Standard 68 of Bar Rule 4-102 (d) in failing to timely answer the Notice of Investigation and recommended that Warnock receive a Review Panel reprimand as the appropriate sanction. The Review Panel agreed with the special master's recommendation and the State Bar filed exceptions seeking the application of Bar Rule 4-103.

We disagree with the special master's conclusion that Warnock's request for an extension and the interim suspension imposed under Bar Rule 4-204.3 (d) are mitigating factors, as the purpose of Bar Rule 4-204.3 (d) is to encourage the filing of a response to the Notice of Investigation and thereby assist in the investigation of a grievance. The imposition of such a suspension does not preclude additional sanctions if the Respondent is found to be in violation of Standard 68, see *In the Matter of Bennett*, 269 Ga. 538 (501 SE2d 217) (1998). In aggravation, we note Warnock's substantial experience in the practice of law, having been admitted to the bar in 1961; and his substantial disciplinary record, which includes a formal letter of admonition in 1987, a public reprimand in 1989, a Review Panel reprimand in January 1998, a public reprimand in December 1998, as well as the interim suspension in 1998.

We agree with the State Bar that the application of Bar Rule 4-103 is warranted as a result of Warnock's four previous disciplinary infractions combined with his current violations of Standard 68 of Bar Rule 4-102 (d). Accordingly, Warnock is suspended for six months from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Suspension. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.