S03Y1442, S03Y1443. IN THE MATTER OF LLOYD E. THOMPSON, JR. (two cases).
(585 SE2d 875)

PER CURIAM.

These disciplinary matters are before the Court on the special master's filing of two reports recommending that Respondent Lloyd E. Thompson, Jr. be suspended indefinitely, but no less than one year in Case No. S03Y1442 and no less than three years in Case No. S03Y1443, with conditions to be met prior to reinstatement. After the State Bar issued formal complaints alleging that Thompson violated Standard 44 of Bar Rule 4-102 (d) and Rules 1.3, 1.4, 1.16, 8.4, and 9.3 of the Georgia Rules of Professional Conduct, a part of Bar Rule 4-102 (d), and seeking to apply Bar Rule 4-103, the disciplinary recidivist rule, Thompson failed to timely answer either complaint and the State Bar moved for default. Thompson subsequently filed a Petition for Voluntary Discipline addressing the formal complaints but, at a March 2003 hearing, Thompson withdrew the petition and consented to the entry of a default against him. Subsequently, the special master entered two orders on March 17, 2003, granting the State Bar's motion for default and deeming the allegations in the formal complaint admitted. On May 12, 2003, the special master filed two separate reports and, as neither Thompson nor the State Bar requested review by the Review Panel within 30 days of the filing of the reports, both parties are deemed to have waived any right they may have under the rules to file exceptions with or make request for

oral argument to this Court. Bar Rule 4-217 (c).

In Case No. S03Y1442, Thompson was served with a formal complaint alleging that he violated Standard 44 of Bar Rule 4-102 (d) and, due to his default, the following allegations are deemed admitted: In February 2000, Thompson was hired to represent a client on a DUI charge and he requested a hearing for the client before the Office of State Administrative Hearings. Although the administrative law judge set an April 2000 hearing date and then rescheduled the hearing for May 18, 2000 after Thompson cited a scheduling conflict, Thompson failed to appear for the rescheduled hearing or to instruct his client to appear. Accordingly, the administrative law judge entered an order in May 2000 dismissing the hearing request and, in June 2000 entered an order denying Thompson's untimely filed motion for reconsideration.

In Case No. S03Y1443, the State Bar filed a formal complaint against Thompson alleging violations of Rules 1.3, 1.4, 1.16, 8.4, and 9.3 of the Georgia Rules of Professional Conduct, a part of Bar Rule 4-102 (d), and, due to his default, the following allegations are deemed admitted: Thompson was hired by a client to represent her and her siblings in a property forfeiture case and to probate her mother's will, and the client's sister delivered $3,500 to Thompson to handle the case. The client and her siblings had a remainder interest in the property after the death of their mother but the property had been seized following the arrest of their father. Thompson, however, failed to answer the forfeiture complaint, and consequently, on May 30, 2001, the Charlton County Superior Court entered a default and ordered the property forfeited to the State of Georgia. After learning of the forfeiture order from friends, the client tried to reach Thompson by phone, but he failed to return her phone calls or to otherwise communicate with her about the status of the case. Although Thompson filed a petition to probate the client's mother's will in July 2001 after a grievance was filed against him the same month, Thompson did nothing else on either the probate or forfeiture cases.

We have reviewed the record and conclude that by his conduct in the above matters, Thompson violated Standard 44 of Bar Rule 4-102 (d) and Rules 1.3, 1.4, 1.16, 8.4, and 9.3 of the Georgia Rules of Professional Conduct, a part of Bar Rule 4-102 (d). We find no mitigating factors in this case. However, in aggravation of discipline, we find that Thompson previously received a public reprimand and an investigative panel reprimand in unrelated disciplinary matters and, accordingly, Bar Rule 4-103 should be applied. Based on these findings, we conclude that suspension is the appropriate sanction in these matters. Therefore, Thompson hereby is suspended indefinitely, but no less than three years, from the practice of law in Georgia and his suspension shall continue until the following conditions

are met: Thompson must successfully submit to, pay for, and implement the recommendations of, an evaluation by the State Bar's Law Practice Management Program and refund the fees paid to him by the clients in these matters. Thompson may be readmitted only by order of this Court after he submits a motion showing compliance with these conditions.

*Indefinite suspension for a period of no less than three years with conditions on reinstatement. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

Based on Thompson's behavior and the lack of mitigating factors, I disagree with the majority that suspension is an appropriate discipline in these matters. Accordingly, because I would disbar Thompson, I respectfully dissent.