S04Y0482. IN THE MATTER OF LLOYD E. THOMPSON, JR.
(591 SE2d 804)

PER CURIAM.

This disciplinary matter is before the Court on the special master's report recommending that Respondent Lloyd E. Thompson, Jr. be either disbarred or suspended indefinitely. The Master recommends that any suspension be for no less than three years, with conditions to be met prior to reinstatement. After the State Bar issued a formal complaint alleging that Thompson violated Standards 22, 23 and 44 and Rules 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct, all a part of Bar Rule 4-102 (d), and seeking to apply Bar Rule 4-103, the disciplinary recidivist rule, Thompson filed a Petition for Voluntary Discipline addressing the formal complaint. He later withdrew the petition and the State Bar served requests for admission addressing the factual allegations of the complaint. When Thompson failed to respond to the requests, the State Bar successfully moved for summary judgment on the grounds that Thompson had admitted the facts underlying the complaint. In granting summary judgment, the special master allowed Thompson 20 days to present mitigating evidence, but Thompson failed to do so. On October 9, 2003, the special master filed his report and recommendation and, as neither Thompson nor the State Bar timely requested review by the Review Panel, both parties are deemed to have waived their rights to file exceptions with, or make request for oral argument to,

this Court. Bar Rule 4-217 (c).

In this case, Thompson was served with a formal complaint which alleged that he violated Standards 22, 23 and 44, and Rules 8.4 and 9.3 of the Georgia Rules of Professional Conduct, all a part of Bar Rule 4-102 (d), and due to his failure to respond to the requests for admission, the following allegations were deemed admitted: In January 1997, Thompson agreed to defend a client on criminal charges in the probate court of Monroe County. Thompson accepted a retainer of $500 from the client and entered his appearance on the client's behalf. Although Thompson appeared at the arraignment, he failed to appear at the scheduled trial, despite having been notified of the date. The client, however, who had also been notified of the trial date, appeared at the scheduled trial and had to represent himself. After he was found guilty, the client demanded a return of the retainer, but Thompson refused to return the money even though he had not earned all of the fee. In 2001, the client filed a bar grievance against Thompson and a Notice of Investigation was served on him. In his untimely answer, Thompson made representations that he had obtained, from the probate court, a continuance of the client's trial (due to a conflict in his schedule) and that he had so notified the client. These representations proved false.

We have reviewed the record and conclude that by his conduct, Thompson violated Standards 22, 23 and 44 and Rules 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct, all a part of Bar Rule 4-102 (d). We do not find any mitigating factors in this case. However, in aggravation of discipline, we find not only that Thompson has received a public reprimand and an investigative panel reprimand in unrelated disciplinary matters, but also that he was recently suspended indefinitely based on conduct similar to that described in this case. See *In the Matter of Thompson*, 277 Ga. 29 (585 SE2d 875) (2003). For these reasons, we find that Bar Rule 4-103 should be applied. Based on all of these findings, we conclude that disbarment is the appropriate sanction in this matter and we hereby order that Thompson be disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.