We have reviewed the record in each of these matters and agree with the State Bar that disbarment is appropriate. Accordingly, King hereby is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

S04Y1744. IN THE MATTER OF DAVID G. HAMMOCK.
(602 SE2d 658)

PER CURIAM.

This disciplinary matter is before the Court on the "Report of Special Master" in which the special master recommends suspending Respondent David G. Hammock for a period of no less than six months for his violation of Standard 44 in three separate disciplinary board cases, and his violations of Standard 4 of Bar Rule 4-102 (d) and Rule 8.4 (a) (4) of the Georgia Rules of Professional Conduct, in one of the three matters. Neither party filed a request for a Review Panel review of the report and, therefore, the parties are deemed to have waived any right to file exceptions or seek oral argument before the Court, see Bar Rule 4-217 (c). In the first two matters, this Court previously rejected imposition of a public reprimand, see Case No. S02Y0191. After an evidentiary hearing on all three cases the special master issued his report and recommendation. We believe that more than a six-month suspension is warranted under the circumstances in this case.

In SDB Docket No. 4123, Hammock agreed to represent a client on a contempt motion in a divorce case. The trial court issued two orders — one finding the client in contempt and ordering him to make certain payments, and the other two months later ordering the client to pay half of his Army separation pay to his ex-wife. The second order was entered without a hearing and sent to counsel. Hammock never told his client about the second order, however, and in the meantime, the client re-enlisted with the Army. When he received notice of another hearing in the case, the client called Hammock to see if he needed to be present, but Hammock told him he did not need to appear because the hearing would be continued. Late in the day before the hearing, Hammock faxed a request for continuance under the Soldiers' and Sailors' Civil Relief Act. At the hearing, the trial court denied the motion, which contained several misstatements indicating it had been cut and pasted from another similar motion, and found the client in willful contempt of the two previous orders. The client obtained new counsel who resolved the matter within a few months. We find that Hammock violated Standard 44 for failing to send his client a copy of the second order and failing to counsel his client.

In the second case, SDB Docket No. 4227, Hammock agreed to obtain a name change for a client's minor son for a fee of $450, which the client paid part of in installments. Between February 2000, when the client hired Hammock, and July 2000, Hammock did not communicate with his client, although he had been working on her case. In July, he told the client that he had filed the case, but that the local paper had not published it as required. The client later discovered that Hammock never requested that the paper publish the name change. After the client filed a grievance with the State Bar, Hammock finalized the name change and refunded the fees the client paid him. Based on this conduct, we conclude that Hammock violated Standard 44 by disregarding the matter and failing to communicate with his client.

State Disciplinary Board Docket No. 4487 arose from Hammock's representation of a client in a personal injury law suit. He never took action on the case and did not communicate with his client. The statute of limitations expired on the matter but Hammock never advised his client of that fact. In the meantime, the client hired Hammock in another accident case, which he did file. He ignored the insurance company's notice that the client had declined uninsured motorist coverage, however, and the court granted the company's motion for summary judgment and dismissed the case against the company with prejudice, awarding attorney fees against the client. One of the individual defendants also moved to dismiss the case against her for lack of service, which the court granted. When Hammock failed to appear for the pre-trial conference, the court

dismissed the entire case without prejudice. Hammock misled his client into believing that her cases were pending long after they were time-barred or dismissed. We hold that Hammock violated both Standards 4 and 44, as well as Rule 8.4 (a) (4), by misrepresenting the status of the first case and abandoning the second case, and by failing to protect his client's interests by defaulting on the summary judgment motion.

In determining the proper level of discipline we note Hammock's three prior disciplinary infractions, i.e., an interim suspension in 2000 for failing to respond to a Notice of Discipline; a Review Panel reprimand in 1992 for violating Standards 22 and 68; and a public reprimand in 1998 with conditions for violating Standards 44 and 68 in a case remarkably similar to the instant grievances. Although this Court has imposed the suggested discipline in a few cases involving Bar Rule 4-103 (three or more infractions constitute grounds for disbarment or suspension), see *In the Matter of Warnock*, 272 Ga. 2 (525 SE2d 81) (2000), in which the Court imposed a six-month suspension for a sixth disciplinary case based on violation of Standard 68, which is punishable by a public reprimand, unlike the violations in this case of Rule 8.4 (a) (4), and Standards 4 and 44, any of which are punishable by disbarment, most cases involving Bar Rule 4-103 and violations of Standard 44 or Bar Rule 8.4 result in disbarment, see, e.g., *In the Matter of Thompson*, 277 Ga. 526 (591 SE2d 804) (2004); *In the Matter of McAllister*, 265 Ga. 420 (456 SE2d 576) (1995). We also note the following factors in aggravation of Hammock's discipline: prior disciplinary cases, pattern of misconduct, multiple offenses, and submission of false statements to the disciplinary agency. Based on the foregoing, we conclude that a suspension of two years is the appropriate sanction in this case. Therefore, we hereby order that David G. Hammock is suspended from the practice of law in the State of Georgia for a period of two years from the date of this order. He is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

The State Bar filed three Formal Complaints against David G. Hammock. The majority of this Court has accepted the recommendation of the special master to impose more than a six-month suspension as an appropriate sanction by imposing a two-year suspension. I would conclude that the violations by Hammock in the matters recited by the majority warrant the discipline of disbarment. The majority has not pointed to any mitigating factors in this case. In aggravation of discipline the majority finds not only that Hammock

has received an interim suspension, but also a Review Panel reprimand in an unrelated disciplinary matter, and a public reprimand based on conduct similar to that described in this case. I am persuaded that the number of infractions, Hammock's prior disciplinary record, as well as his substantial experience in the practice of law justify an increase in the level of discipline imposed. Accordingly, because I disagree with the majority that suspension is appropriate discipline, I respectfully dissent.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED SEPTEMBER 13, 2004.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia. *Phillips & Kitchings, Richard D. Phillips*, for Hammock.