## S07Y1711. IN THE MATTER OF SHANNON CAMILLE JOHNSON.

(651 SE2d 82)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Proposed Report of the Special Master and Respondent Shannon Camille Johnson's amended petition for voluntary discipline which she filed pursuant to Bar Rule 4-227 to resolve several grievances that had been filed against her.[1] In the petition, Johnson, who has been a member of the Bar since 2001, admits that she violated Bar Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct, Bar Rule 4-102 (d), in her handling of legal matters undertaken for three different clients over a two-year period. The maximum sanction for a single violation of Rule 1.4 is a public reprimand, and the maximum sanction for a single violation of Rule 1.3 is disbarment. Johnson now requests a suspension of her license for no longer than two years as discipline for those offenses. The State Bar indicates that it has no objection to Johnson's petition, and the special master recommends a two-year suspension.

A review of the record reveals that between August 2003 and December 2005, Johnson agreed to provide legal representation to three different clients; that she nevertheless either failed to do any substantive work on those legal matters or failed to complete the work as promised; that she also failed to adequately communicate with these clients during the course of her representation of them; that, as a result of her conduct, each of the clients suffered some form of harm, ranging from needless worry to a lost cause of action; and that she closed her practice in December of 2005 when she relocated to Florida.

Based on the record as a whole, we agree that by her conduct Johnson violated both Rules 1.3 and 1.4. In aggravation of discipline we find that Johnson has a prior history of disciplinary offenses (having received a formal letter of admonition in June 2006 as a result

---

[1] This Court rejected Johnson's first petition for voluntary discipline in which she requested a six-month suspension, see S07Y0445 (December 12, 2006).

of her conduct in handling two additional client matters), a pattern of misconduct, and multiple offenses. We find in mitigation that Johnson has cooperated in these disciplinary matters, she had no dishonest or selfish motive, and she is remorseful for any inconvenience or hardship that she might have created for her clients. After weighing all these factors, we feel that the appropriate discipline is a two-year suspension, and we therefore accept her petition, see *In the Matter of Hammock*, 278 Ga. 385 (602 SE2d 658) (2004); *In the Matter of Harvey*, 275 Ga. 28 (560 SE2d 646) (2002). Accordingly, for her admitted violations of Rules 1.3 and 1.4 of Bar Rule 4-102 (d), it is hereby ordered that Shannon Camille Johnson be suspended from the practice of law for a period of two years, commencing ten days from the date of this opinion. Johnson is reminded of her duties under Bar Rule 4-219.

*Two-year suspension. All the Justices concur, except Hunstein, P. J., and Melton, J., who dissent.*

MELTON, Justice, dissenting.

It is undisputed in this case that Johnson abandoned several of her clients, resulting in multiple violations of Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct. Because of Johnson's abandonment, one client lost her personal injury case, one client suffered a delay in having important real estate documents filed and recorded following a closing, and one client was required to waste time and effort in finding new counsel. These transgressions are compounded by Johnson's receipt in 2006 of a formal letter of admonition for handling two separate cases improperly. This pattern of misconduct simply deserves greater punishment than a two-year suspension. A single violation of Rule 1.3 may be subject to disbarment standing alone, and in this case Johnson violated the Rule three times, with no valid excuse for doing so.

Although it may not be dispositive in this case due to repeated infractions, it must also be noted that the record is silent as to whether Johnson has provided any restitution to her clients. In these disciplinary matters, it is imperative for this Court to have some information regarding any efforts made by the disciplined attorney to make his or her clients whole, even such basic information as to whether a retainer had been accepted and returned. In many cases, this information might be pivotal in determining whether the maximum or minimum penalty under a specific disciplinary rule should be meted out. In this case, evidence of restitution might lend some validity to Johnson's otherwise unsupported claims of remorse. Due to the clear importance of this information, the State Bar should

ensure that it becomes a part of the record in each disciplinary action as a matter of course, and I must take this opportunity to encourage the State Bar to do so.

I am authorized to state that Presiding Justice Hunstein joins in this dissent.

DECIDED SEPTEMBER 24, 2007.

*William P. Smith III, General Counsel State Bar, Paula K. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia.