## S11Y1265. IN THE MATTER OF EDWARD HERMAN WARNOCK.
### (711 SE2d 726)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, Michael G. Gray, recommending that Edward Herman Warnock (State Bar No. 738100) be disbarred.

The special master found that Warnock was retained by a client and the client's mother to represent them in two civil actions in which they had been sued. Warnock did not file answers by the due date of July 11, 2008. On July 14, 2008 Warnock prepared answers and gave them to the client to file. Warnock instructed the client to ask the clerk of court if costs were due. The clerk informed the client that he believed the answers were timely and that no costs were due. Warnock made no independent determination as to whether this information was correct and because the answers were not timely and costs were due, the clients were in default. Warnock appeared at a calendar call on January 6, 2009. That day the trial court entered default judgment against the client's mother for $50,653.56, plus interest and costs, and against the client for $159,188.86, plus interest and costs. Warnock, however, told the client that the cases had been continued until the following month. The client learned of the default judgments from the clerk of court. Warnock prepared, but did not file, a motion to set aside the defaults supported by an affidavit signed by the client. Warnock forged the notary's signature on the affidavit. The clients discharged Warnock and obtained new counsel, who moved to open the defaults and set aside the judgments, but the trial court denied the motions.

In response to the Bar's notice of investigation, Warnock submitted a signed response, but forged the notary's signature. Previously, Warnock received a formal letter of admonition in 1987, two public reprimands in 1989 and 1999, a Review Panel reprimand in 1998, and a six-month suspension in 2000, see *In the Matter of Warnock*, 272 Ga. 2 (525 SE2d 81) (2000).

The special master found that by this conduct Warnock violated

Rules 1.2 (a), 1.3, 1.4, 3.2, 8.1 (a) and 8.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, 8.1 and 8.4 (a) (4) is disbarment and the maximum sanction for a violation of Rules 1.4 and 3.2 is a public reprimand.

The special master also found applicable Rule 4-103, which provides that "a finding of a third or subsequent disciplinary infraction under these rules shall, in and of itself, constitute discretionary grounds for suspension or disbarment." We find no mitigating factors and agree with the special master that Warnock's conduct is aggravated by the multiple offenses and the refusal to acknowledge the wrongful nature of his conduct.

Having reviewed the record, we agree that disbarment is the appropriate sanction. Accordingly, it is hereby ordered that the name of Edward Herman Warnock be removed from the rolls of persons authorized to practice law in the State of Georgia. Warnock is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 27, 2011.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.