**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: August 23, 2022

S22Y0943, S22Y0944, S22Y0945, S22Y0946. IN THE MATTER OF CANDACE LANETTE SNEED (four cases).

PER CURIAM.

These disciplinary matters are before the Court on the report and recommendation of special master William Davis, who recommends that the Court accept the petition for voluntary discipline filed pursuant to Bar Rule 4-227 (c) by respondent Candace Lanette Sneed (State Bar No. 797458) after the filing of a formal complaint and that the Court impose a nine-month suspension with conditions, nunc pro tunc to May 1, 2020, as discipline for Sneed's admitted violations of Rules 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client), 1.4 (lawyer shall promptly inform the client of any decision or circumstance with respect to which the client's informed consent

is required; reasonably consult with the client about the means by which the client's objectives are to be accomplished; keep the client reasonably informed about the status of the matter; and promptly comply with reasonable requests for information), and 9.3 (lawyer shall respond to disciplinary authorities in accordance with State Bar Rules during the investigation of a grievance) of the Georgia Rules of Professional Conduct, found in Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.3 is disbarment, while the maximum sanction for a single violation of Rules 1.4 and 9.3 is a public reprimand. For the reasons discussed below, we accept Sneed's petition for voluntary discipline.

Following the filing by the Bar of formal complaints against Sneed, who has been a member of the Bar since 2013, as to four client matters, Sneed, in lieu of filing an answer to the complaints, filed this petition for voluntary discipline. In her petition, Sneed acknowledged her misconduct in these four matters, which she largely attributed to the effects of depression, for which she eventually sought treatment. Sneed sought a six-month suspension

2

– or, in the alternative, a nine-month suspension – with the condition on her reinstatement that she provide a statement from a Board-certified psychologist to the Office of the General Counsel declaring her fitness to resume the practice of law. The Bar filed a response to the petition, recommending acceptance of the petition and the imposition of a nine-month suspension. Sneed then filed an amended petition, requesting that any discipline be imposed nunc pro tunc to May 1, 2020.

As recited by the special master, as to State Disciplinary Board Docket ("SDBD") No. 7348, Sneed violated Rule 1.3 by failing to act with reasonable diligence in her failure to file a lawsuit and countersuit on behalf of her clients, violated Rule 1.4 by failing to inform those clients about the status of their matter and by failing to communicate with them for an extended period, and violated Rule 9.3 by failing to respond to the Bar during the investigation of the grievance underlying that matter. Regarding No. 7349, Sneed violated Rule 1.3 by failing to pay a fee to transfer her client's case between courts, which resulted in the dismissal of the client's case;

by failing to notify the client of the dismissal; and by abandoning the client when she moved her office without notice to the client of the move or her new address. Sneed violated Rule 1.4 by failing to communicate with or respond to the client for an extended period of time. Concerning SDBD No. 7350, Sneed violated Rule 1.3 by failing to promptly file a lawsuit on a client's behalf and violated Rule 1.4 when she failed to communicate with the client regarding the status of the client's case. Finally, as to SDBD No. 7351, Sneed violated Rule 1.3 by dismissing a lawsuit that she had filed on the client's behalf without her client's knowledge or consent and violated Rule 1.4 by failing to consult with and obtain consent from the client prior to dismissing the lawsuit and by her failure to notify the client about a pending trial in that matter.[1]

---

[1] The special master's report and recommendation clearly relied upon, arguably deferred to, and in some cases adopted verbatim the Bar's response. The Bar's response and the special master's report and recommendation are primarily based on the facts as recited in the respective formal complaints. Both omit, without explanation, numerous facts from Sneed's petition and occasionally assert facts that contradict those asserted by Sneed. This is important because the special master is tasked with serving as the factfinder with respect to all disputed material questions of fact. In light of this role, it is concerning that the report and recommendation of the special master provides

In addressing the question of the appropriate sanction to be imposed as to these matters, the special master considered the ABA Standards for Imposing Lawyer Sanctions. See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996). The special master noted that, according to ABA Standard 3.0, when imposing a sanction after a finding of lawyer misconduct, a court should consider: 1) the duty violated; 2) the lawyer's mental state; 3) the potential or actual injury caused by the lawyer's misconduct; and 4) the existence of aggravating or mitigating factors. The special master concluded that Sneed had violated duties that she owed to her clients to be diligent and to communicate, which violations resulted in the clients suffering financial injuries created by their

no explanation for these discrepancies. Further, Sneed's citations on the point of appropriate discipline focused only on her mental health. Meanwhile, the report of the special master failed to include any authority concerning the appropriate level of discipline warranted by the violations. In any event, pursuant to our unaided and independent review and whether we consider Sneed's admitted conduct or the less favorable allegations of the Bar contained in the report and recommendation, we have determined that the discipline suggested by Sneed and recommended by the Bar and the special master is appropriate. We take this opportunity to remind the Bar and all special masters of the importance of resolving factual discrepancies present in these cases and in providing legal authority, or noting the lack thereof, demonstrating the appropriateness of proposed discipline.

need to locate and retain new counsel in order to resolve their cases. As to Sneed's mental state, the special master concluded that Sneed's conduct in these four matters demonstrated that she knowingly failed to perform the legal services for which she was retained, particularly given the similarity of her conduct in each matter, but also acknowledged Sneed's assertions that she was "overwhelmed" or "always worried" while representing her clients. With regard to the injury caused by Sneed's misconduct, the special master pointed to the loss of funds by clients caused by Sneed's retention of attorney fees paid to her until she later refunded them; stated that the clients' financial losses included not only fees paid to Sneed but fees paid to obtain new counsel; and noted that Sneed's delayed restitution payments did not account for additional fees for new counsel or address her delay in fulfilling clients' refund requests. In aggravation of discipline, the special master noted Sneed's experience in the practice of law, her pattern of misconduct, and her failure to refund fees when requested to do so by her clients. In mitigation, the special master cited Sneed's lack of prior

6

disciplinary history, the fact that she sought counseling, the fact that she expressed remorse, and the letters that she submitted attesting to her good character and reputation. In conclusion, the special master recommended that this Court accept Sneed's petition and impose a nine-month suspension with the above-mentioned condition on reinstatement.

Having reviewed the record, we accept Sneed's petition for voluntary discipline and hereby impose a suspension of nine months with reinstatement conditioned upon compliance with the above-referenced condition. See generally *In the Matter of Kirby*, 312 Ga. 341 (862 SE2d 550) (2021) (accepting petition for voluntary discipline and imposing six-month suspension for violating Rules 1.2, 1.3, 1.4, and 1.16 in four separate matters, where attorney addressed his mental health and practice management problems); *In the Matter of Johnson*, 303 Ga. 795 (815 SE2d 55) (2018) (accepting petition for voluntary discipline and imposing six-month suspension for violating Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16 (d), and Rule 5.5 (a) in seven separate matters, where attorney was suffering

7

from personal and emotional problems at time of misconduct and had taken intervening efforts to improve himself and his law practice); *In the Matter of Huggins*, 291 Ga. 92 (727 SE2d 500) (2012) (accepting petition for voluntary discipline and imposing six-month suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.15, 1.16, and 9.3 in five client matters, where attorney had no prior disciplinary history and was receiving treatment for his personal issues). Furthermore, as the record shows that Sneed voluntarily ceased the practice of law as of May 1, 2020, we agree with the special master's recommendation to impose her nine-month suspension nunc pro tunc to that date. See *In the Matter of Onipede*, 288 Ga. 156, 157 (702 SE2d 136) (2010) (stating that "when an attorney requests entry of a suspension or voluntary surrender order nunc pro tunc, it is the lawyer's responsibility to demonstrate that they voluntarily stopped practicing law, the date on which their law practice ended, and that they complied with all the ethical obligations implicated in such a decision, such as assisting clients in

securing new counsel and facilitating the transfer of client files and critical information about ongoing cases to new counsel").

Sneed may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that she has met the condition of reinstatement.[2] If the State Bar agrees that the condition has been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Sneed is reminded of her duties under Bar Rule 4-219 (b).

*Petition for voluntary discipline accepted. Nine-month suspension. All the Justices concur.*

---

[2] We note that, although Sneed was paid fees by at least some of the clients in these matters, there is no restitution requirement being imposed in conjunction with her suspension here. According to Sneed's petition, she repaid the fees paid to her by the clients in the matters underlying SDBD Nos. 7348 and 7349 in October 2021, she earned the fee paid to her in the matter underlying SDBD No. 7350, and she was not paid by the client in the matter underlying SDBD No. 7351. The records before this Court contain no evidence supporting or contradicting Sneed's assertions in this regard, and it is not clear to what extent the Bar and the special master considered whether Sneed had in fact made restitution to the affected clients or whether additional restitution might have been appropriate as to these matters. We take this opportunity to remind the Bar of the importance of this information to our review of attorney disciplinary matters. See *In the Matter of Johnson*, 282 Ga. 473, 474 (651 SE2d 82) (2007) (Melton, J., dissenting) (noting that "it is imperative for this Court to have some information regarding any efforts made by the disciplined attorney to make his or her clients whole" and that "the State Bar should ensure that [such information] becomes a part of the record in each disciplinary action as a matter of course").