S11Y0651. IN THE MATTER OF KENDRA LYNN
WEATHINGTON.
(709 SE2d 262)

PER CURIAM.

This matter is before the Court on the Notice of Discipline seeking to disbar Respondent Kendra Lynn Weathington (State Bar No. 743117) for her alleged violations, in three State Disciplinary Board Docket Numbers, of Rules 1.1, 1.3, 1.4, 1.7, 1.16, 3.2, 5.5 and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). Weathington was personally served by a State Bar Staff Investigator, see Bar Rule 4-203.1 (b) (3) (i). Weathington failed to file a Notice of

Rejection, see Bar Rule 4-208.3, and accordingly, she is in default, has no right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b). Rules 1.4, 1.16, 3.2 and 9.3 may be punished by a public reprimand; violations of the other rules alleged in the Notice of Discipline may be punished by disbarment.

The facts, as deemed admitted by virtue of Weathington's default, show that in SDB Docket No. 5957 Weathington represented a couple in their bankruptcy case and, although she filed the petition in February 2007, she failed to communicate with her clients and failed to update her contact information to her clients and the court. She abandoned her clients and failed to withdraw properly from their case. The couple's new attorney made an appearance in July 2008. Weathington did not respond to the Notice of Investigation, has not paid her Bar dues, and requested that her status be changed to inactive as of January 1, 2008, while she still represented this couple.

In SDB Docket No. 5958 Weathington was retained to represent a client in her divorce case and filed the complaint for divorce but failed thereafter to communicate with her client. The court dismissed the divorce case without prejudice after neither party appeared for a hearing. Weathington abandoned her client and caused harm. She failed to submit a response to the Notice of Investigation.

In SDB Docket No. 5959 a couple retained Weathington to defend them in a civil action and she also represented their co-defendants. Weathington failed to discuss the potential conflict with her clients and obtain their consent to the representation. There also is evidence that the consent may not have been permissible due to the adverse interests of the co-defendants. Weathington failed to communicate with her clients, including failing to inform them of their trial date. She failed to properly and competently prepare for trial. Weathington did not submit a response to the Notice of Investigation.

In aggravation of discipline we note that Weathington has not paid her Bar dues in two years.

Based on our review of the record, we agree with the State Bar that disbarment is the appropriate sanction in this matter. Accordingly, the name of Kendra Lynn Weathington hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MARCH 25, 2011.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee,*

*Assistant General Counsel State Bar*, for State Bar of Georgia.