## S12Y0767. IN THE MATTER OF A. LEE HAYES.
(727 SE2d 498)

PER CURIAM.

This matter is before the Court on the Notice of Discipline filed by the State Bar against Respondent A. Lee Hayes (State Bar No. 339750) charging him with violating Rules 1.3, 1.4, and 1.16 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The State Bar is seeking Hayes' disbarment, which is the maximum punishment for violating Rule 1.3. Hayes was personally served with the Notice of Discipline but failed to file a Notice of Rejection. Accordingly, he is in default, has no right to an evidentiary hearing, and is subject to such discipline as may be determined by this Court, see Bar Rule 4-208.1 (b).

By virtue of his default, Hayes admits that he was retained by a client in September 2007 to file an action against the client's deceased husband's insurer for the insurer's refusal to pay proceeds from a life insurance policy. Hayes filed the action on June 11, 2008, although he told the client he filed it in April 2008. In 2008 the defendant filed a notice of removal, and the matter was removed to the United States District Court for the Middle District of Georgia. Discovery proceeded, and the defendant took the client's deposition in January 2009, after which it filed a motion for summary judgment on March 16, 2009. Hayes did not file any response to the motion nor did he advise his client that it had been filed. During 2008 Hayes had only minimal communication with his client, and when he spoke to her in March 2009 he did not tell her about the summary judgment motion; instead, he told her he was filing motions and would keep her advised of the status. From June 2009 through April 2010 the client made unsuccessful efforts to contact Hayes, and on the rare occasions when he spoke to her, Hayes told her only that he needed to check with the court about the status of her case. The client was unable to schedule an appointment with Hayes to discuss her case, and from June through September 2010, he refused to return her calls. The client finally contacted a new attorney, who learned that the motion for summary judgment had been granted in September 2010. Hayes did not respond to the Investigative Panel, and currently is suspended for failure to pay Bar dues. In aggravation of discipline the State Bar notes Hayes' lack of cooperation with the Investigative Panel, and that his refusal to communicate with his client and abandonment of her legal matter were prolonged and knowing.

Based on our review of the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, the name of A. Lee Hayes hereby is removed from the rolls of attorneys authorized

to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 7, 2012.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.