300 Ga. 655
FINAL COPY

S17Y0815. S17Y0816. IN THE MATTER OF MORRIS P. FAIR, JR.
(two cases)

PER CURIAM.

These disciplinary matters are before the Court on the report and recommendation of the special master, LaVonda Rochelle DeWitt, recommending that the Court disbar Morris P. Fair, Jr. (State Bar No. 581019).

The State Bar filed formal complaints in State Disciplinary Board ("SDB") Docket Nos. 6829 and 6830 charging Fair, who has been a member of the Bar since 2000, with violations of Georgia Rules of Professional Conduct 1.2, 1.3, 1.4, 1.16 (a), 1.16 (d), 5.5 (a), and 8.1 (a). See Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, 5.5 (a), and 8.1 (a) is disbarment, and the maximum sanction for a violation of Rules 1.4 and 1.16 is a public reprimand. After Fair failed to file an answer within thirty days of service, the State Bar moved for default judgment in both matters, and Fair did not file a response. The special master awarded default judgment and filed a Report containing specific findings of fact and conclusions of law.

As to SDB Docket No. 6829, the special master found the following facts, as deemed admitted by virtue of Fair's default: that a client retained Fair in 2008 regarding claims in a construction dispute; that Fair failed to terminate his representation of the client when he was on interim suspension from June 3, 2008 to July 18, 2008, and again when he was suspended from July 24, 2010 to January 7, 2013, nunc pro tunc to October 3, 2011; that Fair failed to file timely responses to discovery requests, failed to respond to opposing counsel's motion to compel discovery responses, failed to promptly provide discovery responses despite the trial court's order granting the opposing parties' motion to compel, and failed to respond to the opposing parties' motion to dismiss; that the trial court granted the opposing parties' motion for sanctions on October 2, 2012, striking Fair's client's complaint and prohibiting him from defending the opposing parties' counterclaim regarding breach of contract; that Fair failed to return the client's documents or video recordings after withdrawing as attorney of record; that the trial court awarded $28,195 in attorney fees to the opposing parties; and that Fair failed to reasonably consult with the client despite the client's repeated requests to communicate with Fair, failed to keep the client reasonably informed about the status of the client's case, and failed to promptly

2

respond to the client's requests to communicate. Based on these facts, the special master concluded that Fair violated Rules 1.2, 1.3, 1.4, 1.16 (a), 1.16 (d), and 5.5 (a) through his conduct in SDB Docket No. 6829.

As to SDB Docket No. 6830, the special master found the following facts, as deemed admitted by virtue of Fair's default: that a client paid Fair approximately $1,500 to represent him in a criminal case; that Fair did not act with reasonable diligence and promptness in representing the client; that the client repeatedly requested to communicate with Fair but that Fair failed to keep the client reasonably informed about the status of the client's case and failed to promptly respond to the client's requests to communicate; that Fair ceased his representation of the client without informing the client that he had ceased the representation or that he intended to withdraw and without filing a motion to withdraw from the case; that Fair did not provide the client file to the client in a timely manner; that the assistant of the trial judge e-mailed Fair to inform him that he was counsel of record in the client's case and should appear in court and that Fair replied that he filed a motion to withdraw and that the client filed a Bar complaint; that Fair did not refund the client's money; and that in his responses to the State Bar, Fair wrote that he filed a motion to withdraw from representing

3

the client when that was not true. Based on these facts, the special master concluded that Fair violated Rules 1.3, 1.4, 1.16 (d) and 8.1 (a) in his representation of the client in SDB Docket No. 6830.

In aggravation of discipline, the special master noted that Fair has prior disciplinary offenses, including formal letters of admonition in 2010 and 2015; his indefinite suspension in 2010,[1] which was lifted in 2013, nunc pro tunc to October 3, 2011; and his two interim suspensions in 2008 and 2015, respectively. The special master also noted that pursuant to Bar Rule 4-103, a finding of a third or subsequent disciplinary infraction, shall, in and of itself, constitute discretionary grounds for suspension or disbarment. The special master further found these additional aggravating factors: pattern of misconduct, multiple offenses, and substantial experience in the practice of law. She found no mitigating factors. The special master recommends that Fair be disbarred for his violations of Rules 1.2, 1.3, 1.4, 1.16 (a), 1.16 (d), 5.5 (a), and 8.1 (a).

Having reviewed the record, we conclude that disbarment is the

---

[1] Fair initially was disbarred, but this Court granted his motion for reconsideration, see S10Y1025 (July 27, 2010), and subsequently accepted his petition for voluntary discipline and imposed the indefinite suspension with conditions for reinstatement. See In the Matter of Fair, 288 Ga. 17 (701 SE2d 160) (2010).

appropriate sanction in these matters. See In the Matter of Hayes, 291 Ga. 90 (727 SE2d 498) (2012) (disbarment appropriate when attorney abandoned client's legal matter by failing to respond to motion for summary judgment, which was subsequently granted; failing to inform client that the motion for summary judgment had been filed; failing to reasonably communicate with client; and failing to keep the client reasonably informed about the status of her case); In the Matter of Weathington, 289 Ga. 19 (709 SE2d 262) (2011) (disbarment appropriate when attorney failed to communicate with, abandoned, and caused harm to client in one matter and in another matter, failed to communicate with and discuss potential conflict of interest with clients and failed to properly and competently prepare for trial). Accordingly, the name of Morris P. Fair, Jr., hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. Fair is reminded of his duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided February 27, 2017.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.

Stephenson Law Group, Pamela S. Stephenson, for Fair.