S08Y0186. IN THE MATTER OF IKE A. HUDSON.
(656 SE2d 531)

PER CURIAM.

This disciplinary matter is before the Court pursuant to Respondent Ike A. Hudson's petition for voluntary discipline which he filed pursuant to Bar Rule 4-227 (b) to resolve two grievances that had been filed against him. In the petition Hudson, who has been a member of the Bar since 1979, admits that he violated Bar Rules 1.3, 1.4, 1.16 and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), in his handling of legal matters undertaken for two different clients. Although the maximum sanction for a single violation of Rules 1.4, 1.16 and 9.3 is a public reprimand and the maximum sanction for a single violation of Rule 1.3 is disbarment, Hudson requests a one-year suspension of his license as discipline for those offenses. The State Bar indicates that it has no objection to Hudson's petition.

A review of the record reveals that in August 2005, Hudson agreed to provide legal representation to two different clients and accepted retainers from those clients; that he either failed to do any substantive work on those legal matters or failed to complete the work as promised; that he also failed to adequately communicate with one of those clients during the course of his representation of that client; that, as a result of his conduct, each of the clients suffered some form of harm, ranging from needless worry to a dismissal of an action; that both clients had to seek other representation; that Hudson failed or refused to refund any portion of the retainers paid; that both clients filed grievances with the State Bar regarding Hudson's performance; and that although he was personally served with the resulting Notices of Investigation in both matters, he failed or refused to answer those Notices.

Based on the record as a whole, we agree that by his conduct Hudson violated Rules 1.3, 1.16 (d) and 9.3 with regard to both clients' matters and Rule 1.4 with regard to one client's matter. Although this disciplinary action involves two separate clients' matters, we find in mitigation that except for an interim suspension in one of the cases underlying this disciplinary action, Hudson has had no prior disciplinary history; and that he has been cooperative with the State Bar in resolving these disciplinary matters. Based on all of these factors,

we believe that the discipline proposed in Hudson's petition is appropriate and therefore we accept his petition. Accordingly, for his admitted violations of the above-stated Rules of Professional Conduct, it hereby is ordered that Ike A. Hudson be suspended from the practice of law for a period of one year; that his reinstatement, if determined to be appropriate, be approved by order of this Court; and that his reinstatement be conditioned upon satisfactory proof to the Review Panel that he has reimbursed the retainers paid by the two clients involved in these matters, as set out in Hudson's petition for voluntary discipline. Hudson is reminded of his duties under Bar Rule 4-219.

*One-year suspension. All the Justices concur.*

DECIDED JANUARY 28, 2008.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.