S10Y1759. IN THE MATTER OF CLIFFORD E. HARDWICK IV.
(701 SE2d 163)

PER CURIAM.

This disciplinary matter is before this Court on the Report and Recommendation of the Special Master, Shira Adler, who recommends that the Court grant Respondent's Clifford E. Hardwick IV's (State Bar No. 325662) petition for voluntary discipline, which he filed pursuant to Bar Rule 4-227 (c) after the State Bar filed a Formal Complaint, and that the Court suspend Hardwick for a period of six months for his admitted violations of Rules 1.3, 1.4, 3.2 and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum sanction for a single violation of Rules 1.4 or 3.2 is a public reprimand, while the maximum sanction for a single violation of Rules 1.3 or 8.4 (a) (4) is disbarment. The State Bar seeks to utilize Rule 4-103 to justify the imposition of harsher discipline.

The Formal Complaint alleged that Hardwick, who has been a member of the Bar since 1976 and who has received confidential

letters of admonition in 1994 and in 2008, was retained in 2005 by clients to represent their minor son in connection with a federal lawsuit regarding copyright infringement related to the son's actions in downloading music. The clients paid Hardwick a $5,000 retainer, but there was no written representation agreement. Although retained in June 2005, Hardwick did not file an Entry of Appearance until November 2005 at which time he also filed a response to a show cause order on a pending Motion to Compel. The Motion to Compel was renewed in January 2006, but Hardwick did not comply with discovery or respond to the renewed Motion to Compel. The Court granted the Motion to Compel and ordered a response to the discovery requests, but Hardwick did not timely respond to the Order or comply with the discovery requests. As a result, the Court struck the answer and entered a default judgment against the clients in the amount of $18,000, with an award of $330 in costs to plaintiffs. Hardwick never informed his clients of the default judgment, and in his responses to the Office of General Counsel and the Investigative Panel, Hardwick stated that the litigation was resolved through a settlement of all claims against his clients.

In his petition for voluntary discipline, Hardwick admitted the above-described facts but alleged that he periodically spoke with the clients regarding the status of the case (both in person and by phone); that he met with the clients' son and his friend, who had participated in the illegal downloading; that he spoke to opposing counsel and the Judge regarding the status of the case and a possible resolution of it; and that, after the default judgment had been entered, he spoke to opposing counsel who advised that the plaintiffs had no intention of collecting the damages awarded because the primary purpose of the litigation had been to prevent the downloading of their music property. In mitigation, Hardwick asserted that he refunded his entire $5,000 retainer to the clients; that there has been no financial impact on the clients as a consequence of his actions; that he has agreed to indemnify the clients if any action is taken toward collection of the judgment entered; and that he participated in a Professionalism, Ethics and Malpractice seminar for CLE credit. Hardwick also asserted that during the time he was representing these clients, he was working through various serious personal issues, which he described in a filing submitted under seal, and that he met with a representative of the Lawyer's Assistance Program ("LAP") to discuss these problems. Thus, Hardwick requested discipline in a range between a Review Panel reprimand and a suspension of six months.

The State Bar responded to the petition noting that it disputed Hardwick's contention that he communicated with the clients and

asserting that Hardwick did not refund the retainer until after the Formal Complaint had been filed. The State Bar argued that Hardwick's personal issues do not excuse his repeated failure to respond to the court's orders which clearly specified the consequences of such failure and that his single meeting with a representative of the LAP does not constitute a mitigating factor. In aggravation, the Bar noted Hardwick's two prior formal letters of admonition and the fact that Hardwick submitted false statements in the disciplinary process by stating that the clients' litigation was resolved by settlement. Accordingly the State Bar requested that the petition be rejected or, in the alternative that a suspension of no less than six months be imposed in this matter.

The special master issued his report and recommendation, finding that Hardwick violated Rules 1.3, 1.4, 3.2 and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, as well as Bar Rule 4-103; that Hardwick's actions caused his clients injury (namely a judgment entered against them); that the aggravating factors outweighed the mitigating ones; and that Bar Rule 4-103 applied to the proceedings since Hardwick had two prior instances of discipline. The special master recommended that the petition for voluntary discipline be accepted and that a six-month suspension be imposed. Neither party has filed objections or exceptions.

Based on the above, we agree with the special master that Hardwick's petition should be accepted and that Hardwick has violated Rules 1.3, 1.4, 3.2 and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, as well as Bar Rule 4-103. In mitigation, we find the absence of a selfish motive; that Hardwick was attempting to cope with significant personal and family issues at the time of this infraction; and that he has paid full restitution to his clients and agreed to indemnify them against further financial harm. In aggravation, we note Hardwick's prior disciplinary offenses and the fact that he made a false statement during the disciplinary process. Accordingly, we accept Hardwick's petition for voluntary discipline and order that Hardwick be suspended from the practice of law in this State for six months from the date of this opinion. Hardwick is reminded of his duties under Bar Rule 4-219 (c).

*Six-month suspension. All the Justices concur, except Hunstein, C. J., and Nahmias, J., who dissent.*

DECIDED OCTOBER 18, 2010.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Thomas, Kennedy, Sampson & Tompkins, Thomas G. Sampson, Sr.,* for Hardwick.