"At a minimum, the State must show that the law enforcement agency's checkpoint program had an appropriate primary purpose other than ordinary crime control" when viewed at the programmatic level. *Brown*, 293 Ga. at 799. The State failed to make that showing in this case, and we therefore must conclude that the checkpoint at which Appellant was stopped violated the Fourth Amendment.[5] Accordingly, the trial court erred in denying Appellant's motion to suppress, and the Court of Appeals erred in upholding the trial court's ruling.

*Judgment reversed. Thompson, C. J., Hines, P. J., Benham, Hunstein, Melton, JJ., and Judge Jerry W. Baxter concur. Blackwell, J., not participating.*

DECIDED OCTOBER 21, 2013.

*Childs & Nolan, Craig M. Childs, Frank H. Childs, Jr., William H. Noland*, for appellant.

*Rebecca H. L. Grist, Solicitor-General, Cynthia T. Adams, Assistant Solicitor-General*, for appellee.

S13Y0219, S13Y0220, S13Y0221. IN THE MATTER OF JAMES F. STECKBAUER (three cases).
(750 SE2d 363)

PER CURIAM.

These matters are before the Court on three Notices of Discipline seeking the disbarment of James F. Steckbauer (State Bar No. 677395). The State Bar attempted unsuccessfully to serve Steckbauer personally so it served him by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). As Steckbauer failed to file Notices of Rejection, he is in default, has waived his right to an evidentiary hearing, and is

---

his pleasure without any direction or any duty to report his activities,'" and the court said that "[i]t seems difficult to conceive of a plan to use roadblocks as aggressively as is being done by the H.E.A.T. unit that would be any closer to the line of what would meet current minimum constitutional standards for roadblocks." To the extent that vehicle checkpoints become widespread, routine, and unregulated, that may suggest that the primary purpose of the agency's checkpoint program is actually general crime control in violation of *Edmond*, or that checkpoints are arbitrary and oppressive in view of the totality of the circumstances. See *Brown*, 293 Ga. at 806.

[5] To be clear, our holding is based on the very limited evidence presented in this case regarding the BCSO vehicle roadblock program and its purposes. We do not foreclose the possibility that in other cases the State may be able to present testimony or documents showing that the BCSO checkpoint program has an appropriate primary purpose other than general crime control.

subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Steckbauer's default show as follows:

In Case No. S13Y0219, a client hired Steckbauer to represent him in a dispossessory action. The client met with Steckbauer and Scott Fitz Randolph, a disbarred attorney that the client believed also was an attorney. Steckbauer allowed Randolph to maintain a presence in his law office and to represent himself as a lawyer, to have contact with Steckbauer's clients and with persons who had legal dealings with Steckbauer's office. Steckbauer failed to act with reasonable diligence in representing the client and failed to explain matters to him or keep him informed about the status of matters or comply with requests for information. Steckbauer did not inform his client that the court scheduled a hearing in his case and he failed to inform the client about the outcome of the hearing. Steckbauer did not withdraw from representing his client even though continued representation would result in a violation of the Georgia Rules of Professional Conduct. The client wrote and asked Steckbauer to withdraw but Steckbauer did not respond and did not file a motion to withdraw until almost a year later. By this conduct Steckbauer violated Rules 1.3, 1.4, 1.16 and 5.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).

In Case No. S13Y0220, a client hired Steckbauer to represent her to recover property, including money, taken from her by law enforcement during a traffic stop in Louisiana. The client met with Randolph and believed he was eligible to practice law. Steckbauer failed to abide by his client's decisions concerning the objectives of the representation and failed to consult with her regarding how to pursue those objectives. He failed to act with reasonable diligence and promptness in representing her, failed to explain matters, failed to keep her informed about the status of matters and failed to comply with requests for information. Steckbauer did not inform his client that Randolph filed documents falsely purporting that Randolph was eligible to practice law in Louisiana. He also failed to inform her that a document she signed actually was a waiver of any right she had to the money. Once she discovered the waiver, the client attempted to communicate with Steckbauer, but he refused to communicate with her. Steckbauer failed to withdraw from representing the client even though continued representation would result in a violation of the Georgia Rules of Professional Conduct. The client requested the return of her file and eventually received portions, but not all of it, from Steckbauer's office. By this conduct, Steckbauer violated Rules 1.2, 1.3, 1.4, 1.16, 5.3 and 8.4 (a) (4).

In Case No. S13Y0221, a collection agency client that had intermittently hired Steckbauer conducted an audit and determined that Steckbauer accepted attorney fees and costs but failed to provide legal services. He did not file lawsuits, nor refund the fees and costs to the client. In some cases clients were harmed because of Steckbauer's failure to act. He received $2,292.88 regarding four cases but did not file suit in the four cases. In addition, Steckbauer submitted an Invoice for Suit Requirements for $1,373.15, which the client paid, but the parties had agreed to a settlement and Steckbauer failed to attend a hearing so the court dismissed the case with prejudice. He did not file motions to re-open the case or compel settlement. He failed to act with reasonable diligence and promptness in representing the client, failed to explain matters, failed to keep his client informed about the status of matters and failed to comply with requests for information. Steckbauer failed to make reasonable efforts to expedite litigation consistent with his client's interests. By this conduct Steckbauer violated Rules 1.3, 1.4 and 3.2.

The State Bar found no factors in mitigation of punishment. In aggravation, it recited Steckbauer's 2010 Investigative Panel Reprimand for violating Rules 1.3 and 1.4, his selfish and dishonest motives, and his pattern of misconduct. The State Bar also noted that in 2011 the Investigative Panel found probable cause to believe Steckbauer violated Rules 1.3 and 1.4 in another matter and determined that he should receive an Investigative Panel reprimand, but Steckbauer failed to appear for the scheduled reprimand, so it filed a formal complaint in that case. The Investigative Panel reconsidered the case in light of newly discovered evidence and found that Steckbauer violated Rules 5.3, 5.5, 8.4 (a) (1) and 8.4 (a) (4). It also found probable cause to believe that Steckbauer violated Rules 5.3 and 8.4 in another case and directed the State Bar to file a formal complaint.

We have reviewed the records in these cases and find that Steckbauer has committed multiple offenses and has obstructed the disciplinary proceedings by intentionally failing to comply with Bar Rules regarding cooperating with the State Bar. We agree that disbarment is the appropriate sanction. Therefore, it hereby is ordered that the name of James F. Steckbauer be removed from the rolls of persons authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 21, 2013.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar,* for State Bar of Georgia.

## S13Y1438. IN THE MATTER OF DAVID GUY CARTER.
(750 SE2d 366)

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by David Guy Carter (State Bar No. 141355), in which he seeks a Review Panel reprimand for his violation of Rule 7.3 (d).

In his petition Carter, who was admitted to the Bar in 2004, states that he opened a solo practice in 2010 after working at two mid-size firms. He admits that he failed to properly supervise an independent contractor who improperly sought to solicit a client. The grievance, filed by a woman who had been in an automobile accident, alleged that shortly after the accident, she received a phone call soliciting legal representation. Her lawyer had his paralegal pose as the woman and meet with the person who had called to solicit the representation. That person introduced herself as Carter's employee and presented paperwork for the woman to retain Carter. Carter states that upon investigating the grievance, he learned that the person making the solicitation had assisted him on an independent contractor basis with filling out paperwork for clients who contacted Carter or were referred to him. He states that he had no personal knowledge of the contractor's contact with the woman, he had not asked the contractor to find new clients, and he terminated the contractor's services before receiving the grievance. Nevertheless, he admits that he is responsible for the solicitation by an intermediary in his office and thus violated Rule 7.3 (d).

In mitigation, he states that he does not have a prior disciplinary record, he made full and free disclosure and displayed a cooperative attitude toward the disciplinary proceedings, that at the time he was inexperienced as a solo practitioner practicing plaintiff's personal injury law, that he has otherwise demonstrated good character, integrity, and reputation, that he has sought and implemented measures of interim rehabilitation, including consulting with the State Bar's Law Practice Management Department and obtaining input to assist with the day-to-day running of his solo practice, and that he has apologized and is extremely remorseful. He supports his petition with letters from six individuals who know him professionally and attest to his character, integrity, and professionalism.