FINAL COPY
294 Ga. 480

S14Y0126.  IN THE MATTER OF WILLIAM C. NESBITT.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, Shelby A. Outlaw, recommending that William C. Nesbitt (State Bar No. 538301) be disbarred based upon his conduct in setting up a law practice with a client who was not a lawyer and his financial misconduct.  Following the filing of a formal complaint, a timely answer, and a consolidated pre-trial order, the special master held a lengthy evidentiary hearing.  The special master issued a detailed and comprehensive report and recommendation, and neither party sought review before the Review Panel.

The special master found that Nesbitt agreed with a married couple who were friends and clients, but who were not lawyers, to form the Nesbitt Law Firm, LLC.  The clients contributed funds for the establishment and running of the law firm, one client was the firm's chief financial officer, and both clients were involved in the day-to-day business operations of the firm.  No documents memorialized the parties' agreement regarding the partnership, and although the clients expected to share in the profits of the firm, they did not receive any

profits or any repayment of the approximately $12,000 to $15,000 they expended on behalf of the firm. The firm ultimately went out of business.

In addition to the law firm enterprise, Nesbitt obtained a loan of approximately $15,000 from the clients to use to pay back taxes on a Florida property that Nesbitt represented he owned. Nesbitt signed a promissory note and agreed to grant the clients an interest in the Florida property as collateral for the loan. However, the property was in fact owned wholly by Nesbitt's domestic partner, Sherry Cornwell; the property had been transferred to Cornwell from Nesbitt's mother. Because of this fact, Cornwell and Nesbitt understood that Nesbitt had an equitable interest in the property. Eight months after receiving the loan proceeds and executing the promissory note, Nesbitt executed a mortgage after receiving an ultimatum from his client. Shortly thereafter, the client discovered that Nesbitt did not own an interest in the property and confronted Nesbitt via e-mail in August 2010. Nesbitt was offended that his former friend would accuse him of fraud, testifying that his client "could have been much more gracious than he was." Nesbitt did not respond to his client's concerns or provide him with any explanation; nor did he respond to seven demand letters sent by certified mail. In 2012 Nesbitt did have

Cornwell quitclaim the Florida property to him, but he did not inform the clients of the quitclaim deed.

Based on testimony and evidence Nesbitt presented in an effort to show that he did not act improperly in connection with the loan for the Florida property, the special master concluded that Nesbitt also acted deceitfully in other transactions related to the Florida property. Specifically, the special master found that the transfer of the Florida property from Nesbitt's mother, who was senile at the time, to Cornwell, was a sham transaction designed to avoid taxes or probate; that Nesbitt and Cornwell misrepresented to Wachovia/Wells Fargo Bank that they were married in order to obtain a loan on the Florida property; that Nesbitt and Cornwell failed to disclose the existence of tax liens on the property at the Wachovia/Wells Fargo closing; that Nesbitt and Cornwell failed to pay off the tax liens with the loan proceeds; and that the final disbursements from the loan were not taken to make improvements on the property until after Nesbitt filed for bankruptcy, and thus Nesbitt had a line of credit in 2009 at the time he was borrowing money from his clients to set up the law practice and pay off the tax liens.

Based upon the conduct related to the clients, the special master found that

Nesbitt, who was admitted to the Bar in 1982, violated Rules 1.8 (a), 5.4 (b), 5.4 (d), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 5.4 (b), 5.4 (d) and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rule 1.8 (a) is a public reprimand.

The special master found the following factors in aggravation: (1) Nesbitt had a dishonest or selfish motive; (2) Nesbitt engaged in a pattern of deceitful or fraudulent misconduct; (3) Nesbitt committed multiple offenses; (4) Nesbitt made false statements at the evidentiary hearing; (5) Nesbitt refused to acknowledge the wrongful nature of his conduct; (6) the victims were vulnerable as a result of the trust they reposed in Nesbitt; (7) Nesbitt has substantial experience in the practice of law; and (8) Nesbitt has shown an indifference to making restitution. The special master found one mitigating factor: that Nesbitt had no prior disciplinary sanctions.

Having considered the record, the Court agrees with the special master that disbarment is the appropriate sanction in this matter. Therefore, it is hereby ordered that the name of William C. Nesbitt be removed from the rolls of persons authorized to practice law in the State of Georgia. Nesbitt is reminded

of his duties pursuant to Bar Rule 4-219 (c).

Disbarred.  All the Justices concur.

Decided January 27, 2014.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.