In the Supreme Court of Georgia

Decided:    September 14, 2015

S15Y1425.  IN THE MATTER OF CLIFFORD E. HARDWICK, IV.

PER CURIAM.

This disciplinary proceeding is before this Court on the Report of the Special Master, James Charles Thornton, in which he recommends that this Court accept the Petition for Voluntary Discipline filed by Respondent Clifford E. Hardwick IV (State Bar No. 325662) and that Hardwick be suspended for 90 days.  The State Bar filed a Formal Complaint against Hardwick alleging violations of Bar Rules 1.3 and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).  Hardwick initially filed an answer and amended answer, and then, at a hearing before the special master, he agreed to submit a Petition for Voluntary Discipline, acknowledging his violation of Rule 8.4 (a) (4), in exchange for which the Bar agreed to withdraw its allegation that he violated Rule 1.3.  Both parties submitted recommendations for an agreed range of punishment, from a Review Panel reprimand to a suspension not to exceed 90 days.

In his petition, Hardwick admits that, on April 13, 2012, he entered into a $2,000 retainer agreement with an individual to file a motion for expedited bond on behalf of a third party. On April 20, 2012, the individual paid $1,000 of the retainer fee, and Hardwick advised her that he would begin work on the bond matter. On May 14, 2012, the individual who had retained Hardwick contacted him to say that she had discovered that the motion had not been filed. Although Hardwick told the individual that the motion had been filed, the motion was not filed until the following day, when it arrived via a courier service. Hardwick informed the individual that he had given the motion to the courier service on May 14, 2012, and that he assumed it would be delivered for filing that day, but he later acknowledged that he did not check on the status of the motion before stating that it had been filed. On May 21, 2012, Hardwick contacted the individual to inform her that a hearing date had been set, but she informed him that he was being dismissed from the case. Hardwick admitted that he violated Rule 8.4 by misrepresenting the status of the motion but maintained that the misrepresentation had not been intentional. The Bar responded, asserting that the admissions in Hardwick's petition were sufficient for the imposition of discipline but noting that Hardwick had not claimed that

the misrepresentation had been caused by the confusion regarding the courier service until his deposition. In his reply to the Bar's response, Hardwick explained that the principal of the courier service, who had been subpoenaed to testify at the hearing, had died, and that the use of the courier service was implied when he stated in his answer that the motion was filed "by his office."

The special master found that Hardwick had made a material misrepresentation to his client but that there was insufficient evidence in the record to support a finding as to whether the misrepresentation had been intentional or merely negligent, and the special master proceeded under the assumption that the misrepresentation was the result of negligence. The special master also noted that Hardwick had received two prior confidential letters of admonition and had been suspended in 2010 for six months. As to the violation of Rule 8.4 (a) (4), the special master found that, in mitigation, there was insufficient evidence to support a finding that the misrepresentation had been intentional, but, in aggravation, it was clear that the misrepresentation was made as to a material and significant fact. Further, the special master noted the three prior disciplinary offenses, and Hardwick's substantial experience in the practice of law. The special master thus recommends that this Court accept

3

Hardwick's petition for voluntary discipline based on a violation of Rule 8.4 (a) (4). In light of the aggravating factors, particularly Hardwick's recent suspension, the special master recommends a suspension of 90 days as the appropriate sanction in this matter.

Hardwick then filed exceptions to the special master's report, arguing specifically that the special master had failed to consider the fact that Hardwick had obtained a hearing for the client; that the special master had failed to consider the role of the courier service when considering possible mitigation; that the special master had failed to note that the Bar had abandoned some of its allegations, which put the complainant's veracity in question; that a suspension is too harsh of a punishment where there was no finding that the misrepresentation was intentional; that there was no prejudice to the client; that the misrepresentation was not as to a material and significant fact; that the facts of this case do not justify considering his prior disciplinary actions; and that a reprimand is the appropriate sanction. In its response to Hardwick's exceptions, the State Bar notes that Hardwick references factual assertions that were not made part of the record in this proceeding and argues that the discipline recommended by the special master is appropriate.

4

Following the State Bar's response to his exceptions, Hardwick filed what he styled as a "Special Jurisdictional Plea, Brief to the Supreme Court, and Exemptions to the Special Master's Report on the Docketing of the Appeal by the State Bar on June 4, 2015." In this filing, Hardwick argues that jurisdiction over this disciplinary matter is properly in the Review Panel, not this Court, but he reiterates his exceptions to the special master's report in the event that this Court takes jurisdiction. He also argues that the special master's report mischaracterized the nature of the underlying disciplinary proceedings because, he says, these proceedings were properly governed by Bar Rule 4-217 (c), not Rule 4-227, and that the hearing before the special master was in fact a "trial" on the issue of the proper extent of discipline. The State Bar responded to this filing as well, arguing that this matter involves a petition for voluntary discipline and that the nature of this matter is not changed by the fact that the special master heard legal argument on the issue of discipline. The State Bar also argues that the special master made clear that the hearing was not an evidentiary hearing or trial, and the State Bar states that several of Hardwick's specific points evince misunderstandings regarding the contents of the record here or the nature of these proceedings.

Having reviewed the record, we conclude that acceptance of Hardwick's petition for voluntary discipline is appropriate. Accordingly, we accept the petition and direct that Clifford E. Hardwick IV be suspended from the practice of law in the State of Georgia for 90 days. Hardwick is reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Ninety-day suspension. All the Justices concur.