NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: September 16, 2025

S25Y1146. IN THE MATTER OF MELVIN RAINES, II.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the State Disciplinary Review Board ("Review Board"), which reviewed the report and recommendation of Special Master Patrick E. Longan, at the request of Melvin Raines, II (State Bar No. 143178). See Bar Rules 4-214, 4-215, and 4-216. In his report and recommendation, the Special Master concluded that, based on Raines's admissions by virtue of his default, Raines, who has been a member of the State Bar since 2006, violated Rules 1.2(a), 1.3, 1.4(a), 1.15(I)(a), 1.15(II)(b), 3.2, and 8.4(a)(4) of the Georgia Rules of Professional Conduct ("GRPC" or "Rules") found in Bar Rule 4-102(d) in connection with three client matters, and recommended

that Raines be disbarred. The maximum sanction for a violation of Rules 1.2(a), 1.3, 1.15(I)(a), 1.15(II)(b), and 8.4(a)(4) is disbarment. The maximum sanction for a violation of Rules 1.4(a) and 3.2 is a public reprimand. The Review Board adopted the Special Master's factual findings and conclusions of law, and agreed with the recommendation that Raines be disbarred. Neither party has filed exceptions in this Court and this matter is now ripe for the Court's consideration. Having reviewed the record, we agree with the Special Master that disbarment is the appropriate sanction.

1. *Procedural History*

On April 25, 2024, the State Bar filed three Formal Complaints against Raines, charging him with violations of Rules 1.2(a),[1] 1.3,[2]

---

[1] Rule 1.2(a) provides, in pertinent part, that "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and … shall consult with the client as to the means by which they are to be pursued."

[2] Rule 1.3 provides, in pertinent part, that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

1.4(a),[3] 1.15(I)(a),[4] 1.15(II)(b),[5] 3.2,[6] and 8.4(a)(4).[7] Raines acknowledged service of the Formal Complaints but failed to timely file answers as required by Bar Rule 4-212(a). On July 16, 2024, the State Bar filed a Motion for Default, which the Special Master granted on July 22, 2024. The Special Master then held an aggravation and mitigation hearing, after which he submitted his report and recommendation.

2. *The Special Master's Report and Recommendation*

---

[3] Rule 1.4(a) provides, in pertinent part, that a lawyer shall "reasonably consult with the client about the means by which the client's objectives are to be accomplished," "keep the client reasonably informed about the status of the matter," and "promptly comply with reasonable requests for information."

[4] Rule 1.15(I)(a) provides, in pertinent part, that "[a] lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other property," that "[f]unds shall be kept in one or more separate accounts maintained in an approved institution," and that "[c]omplete records of such account funds and other property shall be kept by the lawyer."

[5] Rule 1.15(II)(b) provides, in pertinent part, that "[n]o funds shall be withdrawn from [a lawyer's] trust account[] for the personal use of the lawyer maintaining the account except earned lawyer's fees debited against the account of a specific client and recorded as such."

[6] Rule 3.2 provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

[7] Rule 8.4(a)(4) provides that "[i]t shall be a violation of [the Rules] for a lawyer to ... engage in professional conduct involving dishonesty, fraud, deceit, or misrepresentation."

3

(a) *Factual Findings*

(i) State Disciplinary Board Docket ("SDBD") No. 7774

Based on the factual allegations in the State Bar's complaint—which were deemed admitted by virtue of Raines's default—the Special Master recounted that, in December 2020, a mother retained Raines to represent her son in a criminal matter. On December 7, 2020, Raines filed a motion to set bond, and on December 16, 2020, the court issued a bond order. In September 2021, the son was indicted for fleeing or attempting to elude a police officer. On November 1, 2021, Raines filed a waiver of arraignment and not guilty plea on the son's behalf. Subsequently, Raines told the mother that he was working on a plea deal for the son, which required payment of a $5,000 fine and instructed her to provide him with a cashier's check made out to him. On March 9, 2022, the mother met with Raines and gave him the $5,000 cashier's check. On March 11, 2022, Raines deposited the check into his IOLTA account and began withdrawing funds for personal use. Between March 14 and March 30, 2022, Raines wrote four checks out of his IOLTA account totaling

4

$7,150. By the end of March 2022, the balance in Raines's IOLTA account was $2,327.96; by the end of April 2022, the balance in Raines's IOLTA account was $17.96; and by the end of May 2022, the balance in Raines's IOTLA account was $7.96. On May 5, 2022, the son entered a guilty plea in his case. The court did not accept a plea deal of a fine in lieu of time served and sentenced the son to two years in confinement.

After the son's sentencing, the mother asked Raines on several occasions to return the $5,000 she had given him. Raines falsely told the mother that he had given the $5,000 to the superior court clerk. The mother then contacted the clerk and was informed that the clerk did not have the $5,000 and that the clerk could not accept funds without a court order. The mother continued to ask Raines about the money and Raines either failed to respond or told her that he was in court, out of town, or sick. On May 27, 2022, Raines told the mother that he would pay the $5,000 out of his own pocket by June 15, 2022. However, he failed to return the money by this date. On June 30, 2022, the mother filed a grievance against Raines with the State

Bar. On September 3, 2022, Raines returned the $5,000 in the form of a cash payment.

(ii) SDBD No. 7775

In 2021, Raines represented the client in this matter in a criminal case. On March 2, 2021, Raines entered an appearance in the case, and the court set a trial for August 22, 2022. The trial was continued so that the client could hire other legal counsel to replace Raines. The court scheduled a status conference for December 1, 2022, at which time Raines was still the client's counsel and was not excused from the status conference. Raines did not appear for the status conference and sent an email 18 hours before the conference announcing a scheduling conflict due to an appearance in another superior court. However, this superior court notice was dated October 29, 2022—more than a month before the status conference.

On December 1, 2022, the court entered a notice of continuance and scheduled a contempt hearing for December 22, 2022, ordering that Raines personally appear and "show cause why, after previously being warned and admonished, he should not be found in

contempt for his unexcused failure to appear on December 1, 2022."

On December 6, 2022, all three superior court judges of the Southwestern Judicial Circuit executed an order to remove Raines from his assigned pending cases, as he had repeatedly failed to appear in several cases. On December 22, 2022, Raines appeared for the contempt hearing, and the court entered an order finding him in contempt. In the contempt order, the court stated that this was the fourth contempt hearing regarding his attendance and notice issues; that he had previously been found in contempt; and that he had been repeatedly warned and disciplined by the court for his chronic failure to appear or provide notice and his conduct continued. On March 9, 2023, another attorney entered an appearance as counsel for the client.

(iii) SDBD No. 7776

On March 19, 2021, Raines was appointed to represent the client in this criminal matter and to take over representation for another attorney who had retired. The court set the client's case for April 4, 2022. The attorney filed a motion to withdraw on March 11,

2022, indicating that Raines had been appointed the previous year to take over the case and that he had forwarded the client's file to Raines back in March 2021. As of the date of the attorney's motion to withdraw, Raines had not entered an appearance. Raines entered an appearance in the case on March 23, 2022, which was seven days before the scheduled trial. On March 25, 2022, the State filed a motion to continue due to Raines not having inspected and copied discovery; Raines not having visited with the client based on jail records; and the State being unable to reach him to coordinate inspection and copying of the State's file. The court continued the case, granted the attorney's motion to withdraw, and scheduled the trial for May 9, 2022. However, on May 4, 2022, the court entered another order continuing the trial because Raines had still not met with the client or inspected the State's file. The court scheduled the trial for September 26, 2022. Subsequently, this trial date was also rescheduled.

On November 18, 2022, the client filed a pro se motion to remove Raines as his counsel, stating that Raines had not

communicated with him and had not responded to his efforts to communicate. The court then scheduled the trial for August 28, 2023. The client continued writing to the court and filing pro se motions. Subsequently, Raines was removed as counsel for the client. On August 14, 2023, another attorney entered an appearance in the client's case. During Raines's representation, he did not communicate with the client, did not respond to the client's requests for information and updates in his case, did not file anything on the client's behalf after entering an appearance, and did not prepare for trial.

(b) *Rule Violations*

(i) SDBD No. 7774

Pursuant to Raines's default, the Special Master determined that Raines violated Rules 1.15(I)(a) by failing to maintain and safeguard in his IOTLA account the client's money; 1.15(II)(b) by withdrawing funds from his IOLTA account for personal use; and 8.4(a)(4) by dishonestly converting the $5,000 given to him for

personal use and misleading the client about the status of the funds and about returning the funds.

(ii) SDBD No. 7775

The Special Master determined that Raines violated Rules 1.3 by failing to appear in court in his client's case and failing to comply with the procedures for giving notice to the court of his conflicts; and 3.2 by causing a delay in his client's case.

(iii) SDBD No. 7776

The Special Master determined that Raines violated Rules 1.2(a) by failing to consult with his client about the case; 1.3 by failing to perform work in the client's case; and 1.4(a) by failing to communicate with the client and respond to his requests for information and updates about the case.

(c) *ABA Standards*

The Special Master then cited the framework set out in the *ABA Standards for Imposing Lawyer Sanctions* (1992) ("ABA Standards"), which provides that, when imposing a sanction, "a court should consider the following factors: (a) the duty violated; (b)

10

the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." See ABA Standard 3.0. See also *In the Matter of Morse*, 266 Ga. 652, 653 (1996) (ABA Standards are instructive in determining the appropriate level of discipline). In addressing the duties violated, the Special Master determined that Raines violated his duty to preserve his client's property, his duty of candor, his duty of diligence, his duty of consultation, his duty of communication, and his duty to maintain personal integrity. In addressing Raines's mental state, the Special Master determined that Raines knowingly converted his client's funds for his personal use; knowingly failed to appear in court, as he explained at the evidentiary hearing that he did not attend because his client had stated an intent to replace him; and knowingly failed to communicate with his clients or prepare for trial, as he was aware of his duty to do so and failed to fulfill his duties over an extended period of time. In addressing the injury caused by Raines's conduct, the Special Master determined that, in SDBD No. 7774, his client was injured, as she was wrongfully

deprived of her funds between May 2022 and September 2022 and testified at the evidentiary hearing that she had to deal with the demands of family members who had helped raise the money. In SDBD No. 7775, the client suffered potential injury from the delay of trial due to Raines's failure to appear in court. And in SDBD No. 7776, the client suffered serious injuries, as the client was so distressed by Raines's inaction that he sought to remove Raines as his counsel and the client's trial was repeatedly delayed.

Further, the Special Master determined that in aggravation, Raines acted with a dishonest or selfish motive when he converted his client's funds for personal use; committed multiple offenses; refused to acknowledge the wrongful nature of his conduct, as he testified at the evidentiary hearing that the only thing he did wrong in the three matters was mismanaging the $5,000 check; had vulnerable victims, as he had incarcerated clients and a client who had to raise the money that Raines improperly converted from

family members[8]; and had substantial experience in the practice of law. See ABA Standard 9.22(b), (d), (g), (h) and (i). In mitigation, the Special Master determined that Raines had no prior disciplinary record and displayed a cooperative attitude toward the proceedings, presumably based on his participation in the evidentiary hearing. See ABA Standard 9.32(a) and (e). Although Raines testified at the evidentiary hearing that his offenses should be mitigated due to personal or emotional problems and physical disability because he felt overwhelmed by his case load and was experiencing health problems, the Special Master declined to consider these factors in mitigation. Specifically, the Special Master explained that Raines failed to demonstrate how his sense of feeling overwhelmed or his health problems caused his misconduct or why they should mitigate his misconduct; that Raines's caseload was largely in his control; and that he was unaware of any Georgia disciplinary cases that

---

[8] We note that this client testified at the evidentiary hearing that she "totally put [her] trust in [Raines]" and believed that as long as she had the $5,000, her son would not be incarcerated. See *In the Matter of Nesbitt*, 294 Ga. 480, 482 (2014) (clients were vulnerable victims "as a result of the trust they reposed in [the attorney]").

13

accepted a sense of feeling overwhelmed by a large case load as a personal or emotional problem. See *In the Matter of Crawford*, 317 Ga. 297, 308 (2023) (financial difficulties explain but do not mitigate judge's misconduct in wrongfully obtaining funds from the registry of the court); *In the Matter of Barksdale*, 318 Ga. 150, 152 (2024) (Special Master and Court did not list personal and emotional issues as a mitigating factor despite attorney explaining that her failure to submit an order to the court was "because she was overwhelmed with other contested domestic matters and struggling to keep up with her cases").

(d) *Recommended Discipline*: The Special Master then concluded that based on the Rules violated, Raines should be disbarred, noting that this Court has previously imposed disbarment for attorneys who engaged in similar conduct. The Special Master also explained that, given Raines's trust account violations and Rule 8.4(a)(4) violation, "[t]his case combines two of the most serious types of misconduct in which a lawyer can engage."

3. *Review Board Report and Recommendation*

Raines filed exceptions to the Special Master's report and recommendation before the Review Board, in which he attempted to provide further context regarding his misconduct in all three disciplinary matters and attempted to contest several of the factual allegations deemed admitted by virtue of his default. Further, Raines acknowledged that while some level of discipline is appropriate, disbarment is "harsh" and requested a public reprimand or alternatively a short suspension, without providing any supporting authority for his request. In response, the State Bar argued that Raines was precluded from contesting facts already admitted by his default and from introducing evidence outside the record before the Review Board, and that disbarment was the appropriate sanction in this case.

Upon its Review, the Review Board agreed with the Special Master's findings of fact, conclusions of law, analysis of the ABA standards, and recommendation of disbarment.

4. *Analysis*

Upon reviewing the record, we also agree with the Special Master's findings of fact, conclusions of law, and determinations regarding the ABA standards, and commend the Special Master for his careful and in-depth analysis. Like the Special Master, we are unpersuaded by Raines's attempts to provide context regarding his misconduct and to contest the factual allegations in the Formal Complaints and agree that these allegations were admitted by virtue of Raines's default. Further, we agree that disbarment is the appropriate sanction for Raines's violations of Rules 1.2(a), 1.3, 1.4(a), 1.15(I)(a), 1.15(II)(b), 3.2, and 8.4(a)(4), and that this sanction is consistent with prior cases disbarring lawyers for similar conduct. See *In the Matter of Perry*, 318 Ga. 155 (2024) (attorney disbarred for violating Rules 1.3, 1.4, 1.15(I), 1.16, and 3.2 in connection with three client matters where attorney violated his duty of diligence to his clients, caused actual or potential injury, and aggravating factors outweighed mitigating factors); *In the Matter of Tuggle*, 319 Ga. 687 (2024) (attorney with no prior discipline disbarred for

16

violating Rules 1.1, 1.3, 1.4, 1.16, 8.4(a)(4), and 9.2 in connection with two client matters where attorney violated his duties of diligence, candor, and communication, acted with intent or knowledge, caused actual or potential injury to his clients, and the aggravating factors outweighed the mitigating factors); *In the Matter of Holliday*, 308 Ga. 216 (2020) (attorney with no prior disciplinary history disbarred for violating Rules 1.2(a), 1.3, 1.4(a), 1.16(d), 3.2, and 8.4(a)(4) in connection with three client matters and where aggravating factors outweighed mitigating factors). See also *In the Matter of McDonald*, 319 Ga. 197, 214 (2024) (disbarring attorney who "blatantly violated Rules 1.15(I) and (II) in her handling of the money that was entrusted to her," noting that these violations "would support disbarment on its own"); *In the Matter of Nicholson*, 299 Ga. 737, 741 (2016) ("[d]ishonesty in the practice of law and to the injury of another is a sufficient basis for disbarment").

Accordingly, it is ordered that the name of Melvin Raines, II be removed from the rolls of persons authorized to practice law in the

17

State of Georgia. Raines is reminded of his duties pursuant to Bar Rule 4-219(b).

*Disbarred. All the Justices concur, except Colvin, J., not participating.*